ALEX. SASSER v. ATLANTIC COAST LINE RAILROAD COMPANY ET AL.

(Filed 28 September, 1921.)

**Negligence—Evidence—Nonsuit—Trials—Railroads.**

> Where the plaintiff's driver stopped his team of mules at a garage across a 50-foot street from the defendant's railroad track, and while he was in the garage, the mules, without apparent fright or other cause, suddenly turned and ran across the track in front of the defendant's running train, and thereby a mule was killed and the wagon injured the sole, efficient, and proximate cause of the alleged injury was the negligence of the plaintiff's servant, and he cannot recover in his action for damages.

APPEAL by plaintiff from *Lyon, J.,* at the April Term, 1921, of WAYNE.

*E. A. Simkins and Hood & Hood for plaintiff.*
*E. M. Land and O. H. Guion for defendant.*

WALKER, J. This action was brought to recover damages for injuries to a mule and wagon. The plaintiff's servant had driven the team,

consisting of two mules and a wagon, to a place in front of a garage in Mount Olive, and left them there unhitched and unattended and went into the garage for a minute or so. While he was in there, the mules, without any apparent cause, such as fright, turned around and went across the railroad track, and as the mules stopped they were stricken by a passing train. One of the mules was killed and the wagon was broken.

A witness for the plaintiff testified that if the engineer or fireman had seen the action of the mules as they turned with the wagon, and stopped the train as quickly as they could do so, it would not have prevented the collision, "as they could not have stopped the train from the time the mules turned around and the train hit them." The mules were only fifty feet from the track, that being the width of the street on the west side. The driver did not stay in the garage more than a minute, and when he came out it had all happened. The evidence, which was all introduced by the plaintiff, tended to show that the train could not have been stopped in time to have prevented the accident. The judge, on motion of defendant, nonsuited the plaintiff and dismissed the action under the statute, and plaintiff appealed.

After careful consideration of the evidence and the argument of counsel, we conclude that there was no evidence upon which the plaintiff could have asked for a verdict, and, therefore, that the judgment of non-suit was proper. The sole, efficient, and proximate cause of the alleged injury was the negligence of the plaintiff's servant in leaving the mules unhitched, and their turning around and crossing the railroad so suddenly. *Needham v. R. R.,* 171 N. C., 763. The plaintiff is wholly to blame for his own misfortune, and must, therefore, bear the loss.

Affirmed.